**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| ALEXANDER ADAM FUNICELLO,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ) ) ) ) ) ) ) ) ) | 1:11CR315-1<br>1:14CV512 |

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On June 27, 2012, this Court (per now-Chief United States District Judge William L. Osteen, Jr.) entered judgment against Petitioner imposing, inter alia, a term of imprisonment, as a result of his guilty plea to three counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Docket Entry 14; see also Docket Entries dated Dec. 7, 2011, and April 19 and 25, 2012 (documenting plea and sentencing hearings.)[1] Petitioner did not appeal. (Docket Entry 15, ¶ 8.) On June 12, 2014, Petitioner signed and submitted to prison officials for mailing a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). (Id., Signature Pg.) The United States responded (Docket Entry 18) and, despite receiving notice of his right to reply (Docket Entry 19), Petitioner has not replied (see Docket Entries dated Aug. 29, 2014, to present). The Court should dismiss Petitioner's Section 2255 Motion as untimely.

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Petitioner's Section 2255 Motion asserts that the Court erroneously found that he qualified as a Career Offender under U.S.S.G. § 4B1.1, for purposes of determining his advisory guideline range, because, in light of Descamps v. United States, ___ U.S. ___, 133 S. Ct. 2276 (2013), prior convictions used to make that finding do not constitute crimes of violence. (Docket Entry 15, ¶ 12(Ground One)(a).)

"A 1-year period of limitation shall apply to a motion under [] [S]ection [2255]." 28 U.S.C. § 2255(f). Further:

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for filing his Section 2255 Motion commenced on or about July 11, 2012, "upon the expiration of the fourteen-day period for filing a direct appeal" after entry of Judgment on June

27, 2012. United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)); see also United States v. Plascencia, 537 F.3d 385, 387 (5th Cir. 2008) ("[The petitioner's] conviction became final when the time expired to file a timely notice of appeal on direct review . . . ."); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (same); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (same); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) (same); Peoples v. United States, Civ. No. L-10-212, Crim. No. L-04-0423, 2010 WL 1375143, at *1 (D. Md. Mar. 31, 2010) (unpublished) (same), appeal dismissed, 512 F. App'x 376 (4th Cir. 2013); Teal v. United States, Civ. No. 4:12-2391-TLW, Crim. No. 4:09-950, 2013 WL 4776723, at *3 (D.S.C. Sept. 4, 2013) (unpublished) (same); Ervin v. United States, Nos. 1:11CV233, 1:08CR128-7, 2011 WL 5075651, at *3 (W.D.N.C. Oct. 25, 2011) (unpublished) (same). That one-year period expired on or about July 11, 2013, approximately 11 months before Petitioner filed his instant Section 2255 Motion.

Petitioner does not argue that the delayed accrual provision of Paragraphs (2) or (4) of Subsection 2255(f) apply to his Section 2255 Motion. (See Docket Entry 15, ¶ 18.) Instead, he apparently seeks to invoke the delayed accrual provision of Paragraph (3) of Subsection 2255(f), by stating, under the heading "Timeliness of Motion," that Descamps "was decided on June 20, 2013. Pursuant to

[Descamps] and contrary to prior law, [Petitioner's] North Carolina convictions for Breaking and Entering are not categorically crimes of violence for purposes of Career Offender status. This [Section 2255] [M]otion is filed within one year of the date this right was recognized and made retroactively applicable on collateral review." (Id.) That argument fails because "Descamps has not been made retroactive on collateral review." Johnson v. United States, Nos. 4:08CR876RBH-2, 4:14CV2438RBH, 2014 WL 7403972, at *3 (D.S.C. Dec. 30, 2014) (unpublished); accord Powell v. United States, Nos. 3:11CV377RJC, 3:06CR189RJC, 2014 WL 4793232, at *6 (W.D.N.C. Sept. 25, 2014) (unpublished); Eley v. United States, Nos. 5:14CV263D, 5:11CR374D, 2014 WL 4199241, at *2 (E.D.N.C. Aug. 22, 2014) (unpublished); Baker v. Zych, No. 7:13CV512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (unpublished); Williams v. Ziegler, No. 5:12CV398, 2014 WL 201713, at *2 n.3 (S.D.W. Va. Jan. 17, 2014) (unpublished); Baldwin v. United States, Civ. No. JFM-13-2006, Crim. No. JFM-08-117, 2013 WL 6183020, at *1 n.3 (D. Md. Nov. 25, 2013) (unpublished).[2]

Accordingly, Paragraph (1) of Subsection 2255(f) applies and Petitioner's Section 2255 Motion is untimely.[3]

---

[2] Nor could Petitioner rely on any change in law affected by Descamps to obtain equitable tolling. See Whiteside v. United States, ___ F. 3d ___, ___, 2014 WL 7245453, at *4-7 (4th Cir. 2014) (en banc).

[3] In any event, Petitioner's Section 2255 Motion would fail on (continued...)

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 15) be dismissed without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

January 12, 2015

[3](...continued)
the merits because Descamps did not alter the treatment of North Carolina breaking and entering convictions for purposes of either the Armed Career Criminal Act, 18 U.S.C. § 924(e), or the Career Offender guideline, U.S.S.G. § 4B1.1. See United States v. Mungro, 754 F.3d 267, 272 (4th Cir. 2014); Rashaad v. United States, No. 3:14CV304MOC, 2014 WL 4987212, at *3 (W.D.N.C. Oct. 7, 2014) (unpublished).